# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGOC DIEN UNG,<br><br>    Petitioners,<br><br>  v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>    Respondents. | Case No. 1:26-cv-00869-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DENY PETITIONER'S REQUEST FOR RELEASE AS MOOT<br><br>(ECF Nos. 1, 16) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On February 2, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that: (1) Petitioner's continued detention in immigration custody violates due process because there is no significant likelihood of removal in the reasonably foreseeable future; (2) ICE's third country removal procedures violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Convention Against Torture ("CAT"), and implementing regulations; (3) punitive third-country banishments violate the Fifth and Eighth Amendments; and (4) Petitioner's continued detention violates due process, 8 C.F.R. § 241.123, and the Administrative Procedures Act. (ECF No. 1 at 13–18.[1])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On March 6, 2026, Respondents filed an answer. (ECF No. 17.) Per the Court's order, Respondents filed a status report that Petitioner was removed from the United States on March 15, 2026. (ECF Nos. 18, 19.)

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner, who was ordered removed to Vietnam, requested release from custody and challenged Respondents' third country removal policy. (ECF No. 1 at 2, 19.) The status report states that "Respondents were informed by Immigration and Customs Enforcement that Petitioner was removed to Vietnam on March 15, 2026." (ECF No. 19.) A search of the U.S. Immigration and Customs Enforcement ("ICE") Online Detainee Locator System using Petitioner's A-number returns with zero results. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited May 8, 2026). Petitioner is no longer in federal immigration detention and was removed to Vietnam, the country where Petitioner was ordered removed, and thus, was not subjected to Respondents' third country removal policy. Accordingly, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

///

///

2

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as moot; and

2. Petitioner's request for release (ECF No. 16) be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 8, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3